FILED - USDC -NH
2023 OCT 11 AM9:25

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA              )
                                      )
v.                                    )          No. 1:23-cr- 89- SE - TSM
                                      )
EVAN GADAROWSKI                       )

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure, the

United States of America by its attorney, Jane E. Young, United States Attorney for the District

of New Hampshire, and the defendant, Evan Gadarowski, and the defendant's attorney, Charles

Keefe, Esquire, enter into the following Plea Agreement:

1.  The Plea and The Offense.

The defendant agrees to waive his right to have this matter presented to a grand jury and

plead guilty to an Information charging him with distribution of child pornography, in violation

of Title 18, United States Code, Sections 2252A(a)(2)(A) and (b)(1), and possession of child

pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

In exchange for the defendant's guilty plea, the United States agrees to the sentencing

stipulations identified in Section 6 of this agreement.

2.  The Statute and Elements of the Offense.

### Distribution of Child Pornography

Title 18, United States Code, Section 2252A(a)(2), states, in pertinent part, that:

Any person who . . . knowingly receives or distributes. . . any child pornography using
any means or facility of interstate or foreign commerce or that has been mailed, or has
been shipped or transported in or affecting interstate or foreign commerce by any
means, including by computer; . . . shall be punished as provided in subsection (b).

- 1 -

The defendant understands that the offense has the following elements, each of which the

United States would be required to prove beyond a reasonable doubt at trial:

First, that the defendant knowingly distributed any child pornography;

Second, that the defendant distributed the child pornography using any means or facility
of interstate or foreign commerce.

Note:   adapted from *First Circuit Pattern Jury Instruction* 4.18.2252 (2019).

### Possession of Child Pornography

Title 18, United States Code, Section 2252A(a)(5)(B), states, in pertinent part, that:

Any person who . . . knowingly possesses, or knowingly accesses with intent to view,
any book, magazine, periodical, film, videotape, computer disk, or any other material
that contains an image of child pornography that has been mailed, or shipped or
transported using any means or facility of interstate or foreign commerce or in or
affecting interstate or foreign commerce by any means, including by computer, or that
was produced using materials that have been mailed, or shipped or transported in or
affecting interstate or foreign commerce by any means, including by computer . . . shall
be punished as provided in subsection (b).

The defendant understands that the offense has the following elements, each of which the

United States would be required to prove beyond a reasonable doubt at trial:

First, that the defendant knowingly possessed an item;

Second, that the item contained at least one image of child pornography;

Third, that the defendant knew that the item contained an image of child pornography;
and

Fourth, that the image of child pornography had moved in interstate or foreign
commerce.

[*First Circuit Pattern Criminal Jury Instruction* 4.18.2252, available at
https://www.mad.uscourts.gov/resources/pattern2003/helpframeset.html]

- 2 -

3. Offense Conduct.

The defendant stipulates and agrees that if this case proceeded to trial, the government would introduce evidence of the following facts, which would prove the elements of the offense beyond a reasonable doubt:

On or about December 19, 2018, the National Center for Missing and Exploited Children received a CyberTip report regarding online enticement/blackmail over the social media platform Snapchat.   According to the report, a Snapchat user was blackmailing a 14-year-old female residing in Nashua, NH for sexually explicit pictures.   The IP address associated with the Snapchat activity geolocated to a residence in Dover, NH, where it was determined that Evan Gadarowski resided with his parents.   Further investigation revealed that the target of the investigation was utilizing multiple Snapchat accounts, including "taysnow15," and "Jamie.Lit," and "jackmullens2019" to correspond with teenaged girls online and solicit them for nude and/or sexually explicit images.   Evan Gadarowski was eventually identified as the user of these accounts based on IP address logs and other subscriber and account information obtained through legal process.   During the course of the investigation, various state and federal search warrants were obtained, including warrants for Snapchat and Google.   Later, warrants for Gadarowski's home and person were obtained.   During execution of the residential search warrant, Gadarowski consented to an interview during which he admitted to being the owner of the aforementioned accounts and using them to correspond with teenaged girls online.

The investigation revealed that Gadarowski solicited, received, and disseminated sexually explicit images and videos depicting numerous minor victims.   Gadarowski accomplished this by posing as a teenaged girl using sexually explicit images and videos of one minor victim

("MV1") and adopting them as part of a fictious online persona.   Using this fictious persona,
Gadarowski posed as a bisexual female and pursued online relationships with high-school aged
girls.   Gadarowski sent sexually explicit images and videos depicting MVI to others and induced
unsuspecting minor victims to send him sexually explicit images and videos of themselves in
return, often providing explicit instructions regarding how the videos should be made and what
they should depict.   If his targets resisted, Gadarowski sometimes resorted to coercive tactics,
essentially blackmailing his victims by threatening to disseminate their compromising images to
others.

Between June 24 and July 16, 2018, Gadarowski, using the Snapchat account "taysnow15"
engaged in a chat conversation with another user ("USER 1") who was identified as a 13-year-old
female.   During the correspondence, Gadarowski distributed CSAM images and videos depicting
MV1 to USER 1 via both Snapchat and the Google Drive account "taybayandgrace."
Specifically, on June 30, 2018, Gadarowski sent a three minute and thirty-two-second-long video
of MV1 to USER 1 via the Google Drive account "taybayandgrace."   The video depicts MV1
completely nude and masturbating while lying on a bed.   The dissemination of this video is the
basis of Count 1 of the Information.   Throughout the chats with USER 1, Gadarowski urges USER
1 to create and send sexually explicit videos of herself in return, giving explicit instruction as to
what the videos should depict.

On March 3, 2021, a federal search warrant was executed at Gadarowski's residence.
Several electronic devices, including two cell phones belonging to Gadarowski, were seized.
Forensic review of these devices yielded images and videos of MV1 as well as other identified
minor victims engaged in sexually explicit conduct.   Also located on Gadarowski's cell phone

- 4 -

was a Kik chat between Gadarowski and another user in which Gadarowski discusses "catfishing" MV1 when she was 16 years old and blackmailing her to create and share sexually explicit images and videos of herself.

Review of Gadarowski's cell phones and online accounts also revealed that Gadarowski sold collections of images and videos depicting his minor victims to others online.   For instance, on September 20, 2019, Gadarowski sent a message to Kik user "collectorofsluts" stating, "The next girl is a big set, one of my personal best.   So gunna need a bigger payment."   Gadarowski then sends a picture to "collectorofsluts" that contained a total of 26 thumbnails of MV2, who was sixteen years old and another of Gadarowski's "catfishing" victims.   Some of the thumbnails depict MV2 engaged in sexually explicit conduct, and each of the thumbnails is representative of either a full image or video file of MV2 available for sale.   Gadarowski later sells MV2's images to "collectorofsluts" for $150.   Gadarowski also directs "collectorofsluts" to MV2's personal Instagram page, which includes MV2's full name.

A total of twelve minor victims have been positively identified through the review of the defendant's online accounts.   As it relates to Count 2, CSAM images and/or videos depicting MV1, MV2, and MV3 were located on cell phones seized from Gadarowski on March 3, 2021.

4. Penalties, Special Assessment and Restitution.

A.     For distribution of child pornography (Count 1), a term of imprisonment of not less than 5 and not more than 20 years (18 U.S.C. § 2252A(b)(1));

For possession of child pornography (Count 2), a maximum prison term of 10 years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, a maximum prison term of 20 years (18 U.S.C. § 2252A(b)(2));

B.     A maximum fine of $250,000 (18 U.S.C. § 3571);

C.  A term of supervised release of not less than 5 years and up to life (18 U.S.C. § 3583(k)). The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release;

D.  A mandatory special assessment of $200, $100 for each count of conviction, at or before the time of sentencing (18 U.S.C. § 3013(a)(2)(A));

E.  An additional mandatory assessment of $5,000 (18 U.S.C. § 3014(a)) per count;

F.  For distribution of child pornography (Count 1), an additional assessment of not more than $35,000, and for possession of child pornography (Count 2), an additional assessment of not more than $17,000 (18 U.S.C. 2259A(a)(2) & (3).

G.  In addition to the other penalties provided by law, the Court shall order the defendant to pay restitution to the victim(s) of the offense (18 U.S.C. § 2259).

To facilitate the payment and collection of any restitution that may be ordered, the defendant agrees that, upon request, he will provide the United States with a financial disclosure statement and supporting financial documentation.

The defendant further agrees that, if restitution is ordered, it shall be due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full, including, but not limited to, the Treasury Offset Program.

5.  Sentencing and Application of the Sentencing Guidelines.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines. The defendant further understands that he has no right to withdraw from this Plea Agreement if the applicable advisory guideline range or his sentence is other than he anticipated.

The defendant also understands that the United States and the United States Probation Office shall:

- 6 -

A.  Advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

B.  Respond to questions from the Court;

C.  Correct any inaccuracies in the pre-sentence report;

D.  Respond to any statements made by him or his counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable sentencing range under the advisory Sentencing Guidelines that he may have received from any source is only a prediction and not a promise as to the actual sentencing range under the advisory Sentencing Guidelines that the Court will adopt.

6. Sentencing Stipulations and Agreements.

Pursuant to Fed. R. Crim. 11(c)(1)(C), the United States and the defendant stipulate and agree to the following:

(a)  A sentencing range of 120 to 240 months' imprisonment is an appropriate disposition of this case;

(b)  Pursuant to 18 U.S.C. § 3663(a)(3), the parties agree that the Court may consider all relevant conduct for purposes of determining who is a victim entitled to restitution in this case and that victims of dismissed and/or uncharged counts shall be entitled to restitution.

The parties intend the above stipulations to be "binding" under Fed. R. Crim. P. 11(c)(1)(C). By using the word binding the parties mean that if the Court will not accept the plea

- 7 -

agreement under Fed. R. Crim. P. 11(c)(3)(A), the plea agreement is null and void and the defendant will be allowed the opportunity to withdraw his guilty plea.

The parties are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

7. Acceptance of Responsibility.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

A.    Fails to admit a complete factual basis for the plea at the time he is sentenced or at any other time;

B.    Challenges the United States' offer of proof at any time after the plea is entered;

C.    Denies involvement in the offense;

D.    Gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

E.    Fails to give complete and accurate information about his financial status to the Probation Office;

F.    Obstructs or attempts to obstruct justice, prior to sentencing;

G.    Has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

- 8 -

    H.     Fails to appear in court as required;

    I.      After signing this Plea Agreement, engages in additional criminal conduct;
           or

    J.     Attempts to withdraw his guilty plea.

The defendant understands and agrees that he may not withdraw his guilty plea if, for any of the reasons listed above, the United States does not recommend that he receive a reduction in his sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the offense level if it finds that he has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and he has assisted the United States in the investigation or prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently, the United States will move, at or before sentencing, to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

8.   Waiver of Trial Rights and Consequences of Plea.

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him. The defendant also understands that he has the right:

    A.    To plead not guilty or to maintain that plea if it has already been made;

    B.    To be tried by a jury and, at that trial, to the assistance of counsel;

    C.    To confront and cross-examine witnesses;

- 9 -

D.      Not to be compelled to provide testimony that may incriminate him; and

E.      To compulsory process for the attendance of witnesses to testify in his
        defense.

The defendant understands and agrees that by pleading guilty he waives and gives up the

foregoing rights and that upon the Court's acceptance of his guilty plea, he will not be entitled to

a trial.

The defendant understands that if he pleads guilty, the Court may ask him questions

about the offense, and if he answers those questions falsely under oath, on the record, and in the

presence of counsel, his answers will be used against him in a prosecution for perjury or making

false statements.

9.    Acknowledgment of Guilt; Voluntariness of Plea.

The defendant understands and acknowledges that he:

A.      Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because
        he is guilty;

B.      Is entering into this Plea Agreement without reliance upon any promise or benefit of any
        kind except as set forth in this Plea Agreement or revealed to the Court;

C.      Is entering into this Plea Agreement without threats, force, intimidation, or coercion;

D.      Understands the nature of the offense to which he is pleading guilty,
        including the penalties provided by law; and

E.      Is completely satisfied with the representation and advice received from
        his undersigned attorney.

10.   Scope of Agreement.

The defendant acknowledges and understands that this Plea Agreement binds only the

undersigned parties and cannot bind any other non-party federal, state or local authority. The

defendant also acknowledges that no representations have been made to him about any civil or

- 10 -

administrative consequences that may result from his guilty plea. The defendant understands such matters are solely within the discretion of the specific non-party government agency involved. The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

    11. <u>Collateral Consequences.</u>

The defendant understands that as a consequence of his guilty plea he will be adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible. The defendant also understands that if he is a naturalized citizen, his guilty plea may result in ending his naturalization, which would likely subject him to immigration proceedings and possible removal from the United States. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his

- 11 -

guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

The defendant further understands that by pleading guilty, the defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following supervision.

12.   Satisfaction of Federal Criminal Liability: Breach.

The defendant's guilty plea, if accepted by the Court, will satisfy his federal criminal liability in the District of New Hampshire arising from his participation in the conduct that forms the basis of the information in this case.

The defendant understands and agrees that, if after entering this Agreement, he fails specifically to perform or fulfill completely each one of his obligations under this Agreement, fails to appear for sentencing, or engages in any criminal activity prior to sentencing, he will have breached this Agreement.

If the United States, in its sole discretion, and acting in good faith, determines that the

defendant committed or attempted to commit any further crimes, failed to appear for sentencing, or has otherwise violated any provision of this Agreement, the United States will be released from its obligations under this Agreement, including, but not limited to, any agreement it made to dismiss charges, forbear prosecution of other crimes, or recommend a specific sentence or a sentence within a specified range. The defendant also understands that he may not use his breach of this Agreement as a reason to withdraw his guilty plea or as a basis to be released from his guilty plea.

13. Forfeiture

The defendant agrees to immediately and voluntarily forfeit to the United States his interest, if any, in any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2253(a) as a result of his guilty plea, including, but not limited to, one Samsung Galaxy S7 Edge ("Forfeitable Property").

The defendant further agrees:

A. Not to contest any administrative, civil or criminal forfeiture proceedings commenced against the Forfeitable Property. Defendant shall withdraw any and all claims and/or petitions for remission for all or part of the Forfeitable Property filed on behalf of himself or any other individual or entity, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property;

B. That none of the forfeitures set forth in this section shall be deemed to satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon the defendant, nor shall the forfeitures be used to offset the defendant's tax liability or any other debt owed by the defendant to the United States;

- 13 -

C. To waive all constitutional, statutory, and any other challenges in any manner, including, without limitation, by direct appeal and/or habeas corpus, to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including the following: (i) the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the U.S. Constitution; (ii) the Court=s failure to comply with any and all requirements of Fed. R. Crim. P. 11(b)(1)(J) at the change of plea hearing; and, (iii) failure to comply with any and all requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case;

D. To waive and release any and all claims he may have to any property seized by the United States, or any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, whether forfeited or not; and

E. To hold the United States, its agents, and employees, and any state or local law enforcement agency participating in the investigation and prosecution of this case, harmless from any claims whatsoever in connection with the seizure and forfeiture, as well as the seizure, detention and return of any property in connection with the investigation and prosecution of this case.

The defendant acknowledges that the properties to be forfeited under this section are subject to forfeiture as property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the illegal conduct.

14. Waivers.

- 14 -

A.  Appeal.

The defendant understands that he has the right to challenge his guilty plea and/or

sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and

voluntarily waives his right to challenge on direct appeal:

1.  His guilty plea and any other aspect of his conviction, including, but not
limited to, adverse rulings on pretrial suppression motion(s) or any other
adverse disposition of pretrial motions or issues; or claims challenging the
constitutionality of the statute of conviction; and

2.  The sentence imposed by the Court if it is consistent with or lower than
the stipulated sentence or the stipulated sentencing range specified in
Section 6 of this agreement.

The defendant's waiver of his rights does not operate to waive an appeal based upon new

legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea

Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel.

B.  Collateral Review

The defendant understands that he may have the right to challenge his guilty plea and/or

sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255.  By

entering into this Plea Agreement, the defendant knowingly and voluntarily waives his right to

collaterally challenge:

1.  His guilty plea, except as provided below, and any other aspect of his
conviction, including, but not limited to, adverse rulings on pretrial
suppression motion(s) or any other adverse disposition of pretrial motions
or issues, or claims challenging the constitutionality of the statute of
conviction; and

2.  The sentence imposed by the Court if it is consistent with or lower than
the stipulated sentencing range specified in Section 6 of this agreement.

The defendant's waiver of his right to collateral review does not operate to waive a

- 15 -

collateral challenge to his guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel. The defendant's waiver of his right to collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated by in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

C. Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case(s) underlying this Plea Agreement, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

D. Appeal by the Government

Nothing in this Plea Agreement shall operate to waive the rights or obligations of the Government pursuant 18 U.S.C. § 3742(b) to pursue an appeal as authorized by law.

15. <u>No Other Promises</u>.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

16. <u>Final Binding Agreement</u>.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by the United States Attorney for the District of New Hampshire, or an Assistant United States

- 16 -

Attorney.

17.   Agreement Provisions Not Severable.

The United States and the defendant understand and agree that if any provision of this
Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and
void and no part of it may be enforced.

JANE E. YOUNG
United States Attorney

Date: 10|11|2023

By: _____

Kasey A. Weiland
Assistant United States Attorney
Bar Association #82785 (VA)
53 Pleasant St., 4th Floor
Concord, NH 03301
Kasey.weiland2@usdoj.gov

The defendant, Evan Gadarowski, certifies that he has read this 17-page Plea Agreement
and that he fully understands and accepts its terms.

Date: 10|10|23

_____
Evan Gadarowski, Defendant

I have read and explained this 17-page Plea Agreement to the defendant, and he has
advised me that he understands and accepts its terms.

Date: 10|10|23

_____
Charles Keefe, Esquire
Attorney for Evan Gadarowski

- 17 -