

**UNITED STATES PROBATION & PRETRIAL SERVICES**
**District of New Hampshire**

# MEMORANDUM

**DATE**:        December 8, 2023

**TO**:        Honorable Samantha D. Elliott
              U.S. District Judge

**FROM**:        Matthew Farwell
              U.S. Probation Officer

**RE**:        U.S. v. Evan Gadarowski (Dkt. #23-CR-089-SE-01)

<u>**Report of Bail Violation – Warrant Recommended**</u>

**The probation officer respectfully requests that the Court issue a warrant for Evan Gadarowski so that he may appear before the Court and be made to show cause as to why bail should not be revoked. In support of this request, the probation officer offers the following information.**

<u>Release Status</u>

On October 23, 2023, Evan Gadarowski appeared before U.S. District Judge Samantha D. Elliott for an initial appearance, pursuant to a Waiver of Indictment charging him with Count 1: Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1); and Count 2: Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). At that time, the Court ordered the defendant released on conditions to include pretrial supervision, location monitoring, and no computer access without preapproval of the supervising officer.

The probation office experienced multiple technological issues with the defendant's residence/location, which made it difficult to use radio frequency (RF) technology to monitor the defendant's curfew. As a result, the probation officer switched to global positioning system (GPS) technology to mitigate any further technology issues.

On November 7, 2023, the probation officer met with the defendant to review his Order Setting Conditions of Release, provide pretrial reporting instructions, and discuss pretrial supervision expectations. At that time, the probation officer reviewed each condition of release, and the defendant acknowledged his understanding of the same.  The probation officer advised the defendant that once he decided to secure a new personal cellphone and/or internet accessible device, he could request the installation of internet monitoring software. He was further instructed

that any other internet accessible devices would require monitoring as noted in the release order. The defendant was provided a business card and instructions to call with any questions or concerns.

The defendant is scheduled for sentencing on February 2, 2024.

Details of Current Violation(s):

**Violation of Condition 7(o)**: The defendant shall participate in the following home confinement program components and abide by all the requirements of the program: (1) Curfew: Defendant is restricted to his residence every day as directed by the supervising officer.

On December 6, 2023, the defendant left his residence at approximately 7:46 p.m. and failed to return home before his 8:00 p.m. curfew. He did not contact the probation officer to request an extension of his curfew or to advise that he would be late returning home.  The defendant ultimately returned home at 8:42 p.m. The probation officer called the defendant's home telephone at 8:59 p.m. and asked why he violated his curfew. The defendant reported that he needed to go to the grocery store.

The probation officer reviewed the defendant's location monitoring data and discovered the defendant traveled directly to the Dover Public Library in Dover, NH.  He arrived at 7:54 p.m. and he did not depart until 8:32 p.m. The defendant did not go to a grocery store, but he stopped at a convenience store at approximately 8:37 p.m. while returning home.

**Violation of Condition 8(a):** The defendant shall participate in the following computer restriction or monitoring program: Refrain from the possession or use of a computer, electronic communication or data storage device or media, or any internet capable media device unless preapproved by the supervising officer and submit to the examination of any device owned or under the control of the defendant.

**Violation of Conditions 8(b):** The defendant shall participate in the following computer restriction or monitoring program: No access to the internet unless preapproved by the supervising officer.

**Violation of Conditions 8(c):** The defendant shall participate in the following computer restriction or monitoring program: Computer monitoring software or hardware shall be installed on defendant's computer which will be subject to periodic and unannounced examination by the supervising officer. These examinations may include retrieval and copying of data related to online use from the computer equipment and any internal or external peripheral devices. Defendant shall pay for the cost associated with the monitoring program based upon his/her ability to pay as determined by the supervising officer.

**Violation of Conditions 8(d):** The defendant shall participate in the following computer restriction or monitoring program: Defendant shall not access any social media websites, messaging services, and applications that have chat or messaging functions without the approval of the supervising officer (e.g., Facebook, Snapchat, Instagram, WhatsApp, Kik, etc.)

On December 8, 2023, the defendant left his residence at approximately 9:35 a.m. and traveled to the Margaritas Mexican Restaurant in Dover, NH. At approximately 9:42 a.m. the probation officer observed the defendant park his vehicle in the restaurant parking lot. The probation officer then observed the defendant staring down towards his lap. The probation officer viewed the defendant for approximately 10 minutes before driving over to his location. Upon arrival, the probation officer walked up to the defendant and observed him with an open laptop. The defendant then admitted to using the unapproved laptop to access free Wi-Fi from the parking spot and using it to access social media and the internet. He further acknowledged that computer monitoring software had not been installed on the laptop. The probation officer reminded him that it was a violation of his bail to access the internet on any kind of device without computer monitoring software, especially on a device that was not preapproved. The probation officer reminded the defendant they had previously discussed the subject of internet monitoring.

**Recommendation**

The defendant was released by this Court with the expectation that he would meaningfully comply with the Order Setting Conditions of Release. The conditions ordered by the Court are some of the most restrictive conditions available, including location monitoring and computer/internet monitoring. Despite confirming his understanding of his conditions and the probation officer's explanation of the importance of complying with them, the defendant has violated his release conditions. Additionally, a review of his location monitoring data history suggests he may have engaged in similar conduct from the onset of his supervision. For those reasons, it is respectfully recommended that a warrant be issued so that the defendant can be brought before the Court and be made to show cause as to why his bail should not be revoked.

Reviewed by:                                          Submitted by:

/s/*Scott M. Davidson*      12/08/2023         /s/ *Matthew Farwell*        12/8/23
Scott M. Davidson              Date                  Matthew Farwell                 Date
Supervising U.S. Probation Officer            Senior U.S. Probation Officer


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THE COURT ORDERS

[  ]      No Action
[ X]     The Issuance of a Warrant.   Memorandum and issuance of warrant to remain sealed pending arrest.
[  ]      The Issuance of a Summons
[  ]      Other

_____          _____
Honorable Samantha D. Elliott                    Date
U.S. District Court Judge

                                                         12/8/2023